UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

**CHET LAUX,**
5512 Main Street
Tipler, WI 54542

    Plaintiff,

            Case No. 20-cv-270

 vs.

**AMERICAN AXLE & MANUFACTURING, INC.,**
Registered Agent: The Corporation Company
40600 Ann Arbor Road, Suite 201
Plymouth, MI 48170

**AMERICAN AXLE & MANUFACTURING, INC.**
**LIFE AND DISABILITY PLAN FOR HOURLY EMPLOYEES,**
One Dauch Drive
Detroit, MI 48211-1115

and

**SEDGWICK CLAIMS MANAGEMENT**
**SERVICES, INC.,**
Registered Agent:
Corporation Service Company
8040 Excelsior Drive, Suite 400
Madison, WI 53717

    Defendants.

---

## COMPLAINT

---

  The Plaintiff, Chet Laux, by Hawks Quindel, S.C., for his complaint against the above-named Defendants, hereby states as follows:

## PARTIES

1. Plaintiff is an adult resident of the State of Wisconsin and currently resides in Tipler, Wisconsin.

2. Defendant, American Axle & Manufacturing, Inc. Life and Disability Plan for Hourly Employees ("the Plan"), on information and belief is a self-funded employee welfare benefit plan subject to the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, and has been in effect since at least September 1, 2018 and continues to the present time.

3. Defendant, American Axle & Manufacturing, Inc. ("AAM"), on information and belief, is a corporation organized under the laws of the State of Delaware licensed to do business in Wisconsin. AAM is the Plan sponsor.

4. Defendant, Sedgwick Claims Management Services, Inc. ("Sedgwick"), on information and belief, is a corporation organized under the laws of the State of Illinois licensed to do business in Wisconsin. On further information and belief, Sedgwick administers claims under the Plan.

## JURISDICTION & VENUE

5. As described more fully below, this is an action by a participant in an employee welfare benefit plan governed by ERISA to recover benefits due under the terms of the Plan pursuant to ERISA § 502(a)(1)(B).

6. Jurisdiction over this action is conferred upon this court because the claims herein arise under ERISA.

7. Venue is proper in the Eastern District of Wisconsin pursuant to ERISA § 502(e)(2) because the breach asserted herein took place in this district and because Defendants conduct business within this district.

8. Plaintiff's administrative remedies have been exhausted as a condition precedent to filing this action.

## FACTS

9. Plaintiff is a former employee of AAM who worked at the AAM Casting facility in Kingsford, Michigan.

10. During the course of Plaintiff's employment, Plaintiff became eligible for certain employee benefits, including Sickness and Accident benefits provided by the Plan.

11. Plaintiff ceased working effective Monday, September 24, 2018 due to his medical conditions, namely Multiple Sclerosis.

12. Sedgwick was responsible for determining whether Plaintiff was eligible for Sickness and Accident benefits.

13. AAM was responsible for paying Plaintiff's Sickness and Accident benefits.

14. Defendants denied Plaintiff's Sickness and Accident benefits claim in its entirety on the basis that Plaintiff did not provide timely notice of his claim.

15. Plaintiff timely appealed Defendants' denial of Plaintiff's benefits claim, explaining that he met the Plan's notice requirements.

16. Plaintiff submitted all information requested by the Defendants.

17. Defendants failed to consider the issues raised in Plaintiff's appeal.

18. Defendants ignored clear evidence of Plaintiff's eligibility for benefits.

19. Defendants did not perform a "full and fair review" of Plaintiff's claim.

20. Defendants failed to notify Plaintiff of the additional material necessary in order for Plaintiff to perfect Plaintiff's claim and an explanation of why that material was necessary.

21. Defendants failed to adequately explain why it rejected specific evidence in Plaintiff's file.

22. Defendants failed to engage in a meaningful dialogue with Plaintiff.

23. Defendants failed to adequately explain its reasons for denying Plaintiff benefits.

24. Defendants conducted a selective review of Plaintiff's claim.

25. Defendants failed to interpret the Plan terms in a reasonable, objective, and unbiased manner.

26. At all times material to this complaint, Plaintiff has remained disabled as defined by the Plan.

27. At all times material to this case, the Plan has remained in full force and effect.

28. Defendants' denial of Plaintiff's claim for Sickness and Accident benefits caused Plaintiff to suffer the loss of benefits and to incur expenses.

# FIRST CAUSE OF ACTION:
## DENIAL OF BENEFITS IN VIOLATION OF
## SECTION 502(a)(1)(B) OF ERISA

29. The preceding paragraphs are reincorporated by reference as though set forth here in full.

30. Plaintiff met the Plan's notice and claim filing requirements.

31. Plaintiff has been and remains disabled, as that term is defined by the Plan.

32. Pursuant to *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989), the proper standard of review is de novo as the Plan has not granted the administrator discretionary authority to determine eligibility for benefits or to construe the Plan terms.

33. Defendants wrongfully denied Sickness and Accident benefits due to Plaintiff.

34. Alternatively, if the arbitrary and capricious standard of review applies, then Defendants arbitrarily and capriciously denied Plaintiff benefits.

35. Defendants interpreted and applied the terms and conditions of the Plan in a manner that is inconsistent with the plain language contained therein.

36. Upon information and belief, Defendants inconsistently interpreted the terms and conditions of the Plan from one case to the next.

37. Defendants' denial of Plaintiff's Sickness and Accident benefits was "downright unreasonable."

5

38. For these and other reasons, Defendants wrongfully denied Plaintiff's claim for Sickness and Accident benefits and Plaintiff is entitled to said benefits pursuant to § 502(a)(1)(B) of ERISA.

**WHEREFORE** the Plaintiff, Chet Laux, demands judgment from the Defendants for the following:

A. Payment of all retroactive Sickness and Accident benefits owed to Plaintiff under the terms and conditions of the Plan;

B. Prejudgment interest;

C. Reasonable attorney's fees and costs related to the action; and

D. Such other and further relief that the Court deems just and equitable.

Dated: February 19, 2020.

**HAWKS QUINDEL, S.C.**

By: */s/ Danielle M Schroder*
Danielle M. Schroder, State Bar No. 1079870
Email: dschroder@hq-law.com
Jessa L. Victor, State Bar No. 1099144
Email: jvictor@hq-law.com
409 East Main Street
P.O. Box 2155
Madison, Wisconsin 53701-2155
Telephone: 608/257-0040
Facsimile: 608/256-0236

Attorneys for Plaintiff, Chet Laux