UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CHET LAUX,

          Plaintiff,

      v.                                         Case No. 20-C-270

AMERICAN AXLE & MANUFACTURING INC., et al.,

          Defendants.

## DECISION AND ORDER

Plaintiff Chet Laux has moved for attorney's fees and costs in this ERISA action brought against Defendants American Axle & Manufacturing Inc., American Axle & Manufacturing Inc. Life and Disability Plan for Hourly Employees, and Sedgwick Claims Management Services Inc. following the Court's decision reversing Defendants' decision to deny Plaintiff's claim for short-term disability insurance benefits. Plaintiff seeks $27,800.00 in attorney's fees and $445.00 in costs. For the reasons discussed herein, Plaintiff's motion will be partially granted.

District courts have discretion to award reasonable attorney's fees and costs to either party in actions brought under Section 502. 29 U.S.C. § 1332(g)(1). A plaintiff who has obtained "some degree of success on the merits" is eligible for consideration of the grant of a fee award. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255 (2010). Once eligibility is established, the Seventh Circuit has recognized "two tests for analyzing whether attorney's fees should be awarded." *Kolbe & Kolbe Health & Welfare Benefit Plan v. Med. Coll. of Wis., Inc.*, 657 F.3d 496, 505 (7th Cir. 2011). The first of these tests, the substantial justification test, "looks to whether or not the losing party's position was substantially justified." *Id.* at 506 (quoting *Quinn v. Blue*

*Cross & Blue Shield Ass'n*, 161 F.3d 472, 478 (7th Cir. 1998)). The second test is a five-factor

test in which the court considers:

> (1) the degree of the offending parties' culpability; (2) the degree of the ability of the offending parties to satisfy personally an award of attorneys' fees; (3) whether or not an award of attorneys' fees against the offending parties would deter other persons acting under similar circumstances; (4) the amount of benefit conferred on members of the pension plan as a whole; and (5) the relative merits of the parties' positions.

*Raybourne v. Cigna Life Ins. Co. of New York*, 700 F.3d 1076, 1090 (7th Cir. 2012) (citations

omitted).

In this case, Defendants do not dispute that Plaintiff could be found to have achieved some

degree of success on the merits. Thus, the Court turns to the two tests for determining whether

attorney's fees should be awarded. As an initial matter, the Court finds that Defendants' position

was not substantially justified. As the Court stated in its January 28, 2021 Decision and Order,

Defendants' decision to deny Plaintiff short-term disability benefits was arbitrary and capricious.

Dkt. No. 25. The five-factor test also favors an award of attorney's fees. The first factor,

Defendants' culpability, is neutral. While there is little cause to believe that Defendants acted in

bad faith or with malice, a finding of bad faith is not necessary to support an award of attorney's

fees. *See Raybourne*, 700 F.3d at 1090 n.6. Indeed, a finding that a plan administrator made an

arbitrary and capricious decision does not necessarily mean that the decision was wholly

unjustified. But the culpability analysis favors the plaintiff when a plan administrator "negligently

or ignorantly construes unambiguous plan terms." *Young v. Verizon's Bell Atl. Cash Balance Plan*,

748 F. Supp. 2d 903, 913 (N.D. Ill. 2010). As to the second factor, Defendants concede that they

have the ability to pay a fee award. Therefore, this factor weighs in favor of a fee award. The

third factor also weighs in favor of a fee award, as a fee award could deter plan administrators

from engaging in "arbitrary and capricious denials of disability benefits." *See Sharp v. Trs. of*

2

*UMWA 1974 Pension Tr.*, No. 18-cv-03056, 2021 WL 825989, at *3 (C.D. Ill. Mar. 4, 2021) (citation omitted). The fourth factor, the amount of benefit conferred on members of the pension plan as a whole, is "largely irrelevant" in cases, such as the instant one, that deal with an individual claim for benefits. *Raybourne v. Cigna Life Ins. Co. of N.Y.*, No. 07-C-3205, 2011 WL 528864, at *2 (N.D. Ill. Feb. 8, 2011). The fifth factor, the relative merits of the parties' positions, weighs in favor of a fee award. *See Pennsylvania Chiropractic Ass'n v. Blue Cross Blue Shield Ass'n*, 188 F. Supp. 3d 776, 786 (N.D. Ill. 2016) (holding that fifth factor favors winning party). In sum, having considered both tests, the Court concludes that Plaintiff is entitled to an award of attorney's fees under § 1132(g)(1).

When calculating an ERISA attorney's fees award, courts generally begin by calculating the lodestar amount, that is, "the number of hours reasonably expended on litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433–34 (1983). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Connolly v. Nat'l Sch. Bus Serv., Inc.*, 177 F.3d 593, 597 (7th Cir. 1999). "If necessary, the district court has the flexibility to 'adjust that figure to reflect various factors including the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Gastineau v. Wright*, 592 F.3d 747, 748 (7th Cir. 2010) (quoting *Schlacher v. Law Offices of Phillip J. Rotche & Assocs.*, 574 F.3d 852, 856–57 (7th Cir. 2009)). The plaintiff bears the burden of establishing the reasonableness of the time expended and hourly rates charged by his attorney. *See Hensley*, 461 U.S. at 437. There is nevertheless a "strong presumption that the lodestar represents the reasonable fee." *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (internal quotation marks omitted); *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 639 (7th Cir. 2011).

First, Defendants argue that the hourly rates sought are unreasonable. The hourly rates Plaintiff seeks include $400.00 for Attorney Danielle M. Schroder, $300.00 for Attorney Jessa L. Victor, and $100.00 for Law Clerk Naomi Smith. "The attorney's actual billing rate for comparable work is presumptively appropriate to use as the market rate." *Denius v. Dunlap*, 330 F.3d 919, 930 (7th Cir. 2003) (quotation marks omitted). "[O]nce an attorney provides evidence establishing [the] market rate, the opposing party has the burden of demonstrating why a lower rate should be awarded." *Gautreaux v. Chi. Hous. Auth.*, 491 F.3d 649, 659 (7th Cir. 2007). Plaintiff's motion is supported by declarations from his attorneys. The declarations provide sufficient evidence of the experience of the attorneys who worked on the case and state that the requested hourly rates sought are the actual rates counsel use in hourly fee arrangements. Indeed, the best evidence "of an attorney's market rate is his or her actual billing rate for similar work." *Johnson v. GDF, Inc.*, 668 F.3d 927, 933 (7th Cir. 2012) (citing *Pickett*, 664 F.3d at 639–40). Plaintiff also submitted declarations from Attorneys Mark D. De Bofsky and Jeff Scott Olson showing that the requested rates are in line with what is normally charged by other practitioners for similar services. Defendants have not presented evidence establishing "a good reason why a lower rate is essential." *People Who Care v. Rockford Bd. of Educ.*, 90 F.3d 1307, 1313 (7th Cir. 1996). The Court finds that the requested rates are reasonable.

Next, Defendants argue that the hours billed were unreasonable. Plaintiff claims a total of 28.3 hours for Attorney Schroder, 51.1 hours for Attorney Victor, and 11.5 hours for Law Clerk Smith. Defendants cite to numerous entries that they deem duplicative or unnecessary due to overstaffing. They identify entries where attorneys had status conferences regarding the case and reviewed filings. The fact that multiple attorneys collaborated on a case is not, by itself, an indication of duplicative work. *See Kurowski v. Krajewski*, 848 F.2d 767, 776 (7th Cir. 1988)

4

("The use of two (or more) lawyers, which solvent clients commonly pay for because they believe extra help is beneficial, may well reduce the total expenditures by taking advantage of the division of labor."). After reviewing the entries identified by Defendants, the Court concludes that the vast majority of the time entries represent charges for time that the attorneys reasonably expended on the case. "The practice of law often, indeed usually, involves significant periods of consultation among counsel. Talking through a set of authorities or seeking advice on a vexing problem is often significantly more efficient than one attorney's trying to wade through the issue alone." *Tchemkou v. Mukasey*, 517 F.3d 506, 511–12 (7th Cir. 2008). It is not unreasonable for attorneys to discuss case-related assignments and issues or to review each other's work. The Court concludes that counsel's collaboration was not duplicative, and a reduction in fees on this basis is not required.

Defendants also assert that the description of the work performed is insufficient to identify the task performed or determine whether it was appropriately performed by a legal professional. The Seventh Circuit has recognized that "the amount of itemization and detail required is a question for the market." *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001). Therefore, "[i]f counsel submit bills with the level of detail that paying clients find satisfactory, a federal court should not require more." *Id.* (citation omitted). Defendants again object to billing entries for case status meetings on the ground that they are vague. But the description of "case status meeting" in this case is not vague; counsel met to discuss the status of the case. Defendants identify other time entries as vague, including email communications, reviewing the file, and incorporating edits into a document. The Court has reviewed the disputed time entries and concludes that they are sufficiently detailed to permit an adequate review of the time billed and determine that the hours expended were "reasonable and necessary to the conduct of the litigation."

*Valerio v. Total Taxi Repair & Body Shop, LLC*, 82 F. Supp. 3d 723, 743 (N.D. Ill. 2015) (citation omitted).

Defendants further argue that Plaintiff should have excluded hours that were excessive and unnecessary. They challenge the following time entries: 6.9 hours spent researching Seventh Circuit case law on equitable tolling and unreasonable contractual provisions, 2.4 hours spent researching ERISA preemption of self-insured plans, and 2.7 hours spent researching interest rates and the effects of postponing fee determination until after an appeal. The majority of this research was conducted by a law clerk and billed at a significantly lower rate than the rates charged by the attorneys who would have otherwise been responsible for conducting the research. The Court concludes that these hours do not appear to be excessive.

Finally, Defendants assert that Plaintiff is not entitled to fees and costs incurred in connection with administrative review. Plaintiff concedes that he is not entitled to recover fees and costs incurred during the administrative phase of his claim but asserts that he is entitled to an award of fees and costs for work performed after the administrative phase. Fees incurred prior to filing the complaint are appropriate so long as the fees involve work performed in preparation of litigation. Plaintiff's request includes entries for work performed after June 14, 2019, the date Defendants rendered a final denial of Plaintiff's claim for short-term disability insurance benefits. All work performed after the administrative review process is reasonably attributable to this case.

Defendants also object to Plaintiff's request for costs associated with service of process. They argue that Plaintiff unreasonably incurred the $45.00 service of process fee by failing to seek waivers of service under Federal Rule of Civil Procedure 4(d). Plaintiff does not address this argument in his reply brief. Although Rule 4 establishes the rewards and consequences associated with the defendant's failure to waive service, the Court agrees that plaintiffs ordinarily request that

6

defendants waive service of a summons as a means to avoid unnecessary expenses and opting not to do so increases those expenses.  In the absence of any explanation from Plaintiff as to why counsel did not actively seek to avoid this unnecessary cost, the Court will not award Plaintiff the costs associated with service.

For these reasons, Plaintiff's motion for attorney's fees and costs (Dkt. No. 27) is **GRANTED-IN-PART** and **DENIED-IN-PART**.  Plaintiff is awarded $27,800.00 in fees and $400.00 in costs.

**SO ORDERED** at Green Bay, Wisconsin this 8th day of April, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
